IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAKAR M. LEONARD,        :
         :
     Plaintiff,        :
         :
v.         :
         :
STATE FARM MUTUAL        :     CIVIL ACTION NO.
AUTOMOBILE INSURANCE CO., et  :     1:14-CV-1074-AT
al.,         :
         :
     Defendants.        :

## ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Offer of Settlement ("Motion to Strike") [Doc. 22].  For the reasons that follow, Plaintiff's Motion to Strike is **DENIED**.

## I.   BACKGROUND

This case, on removal from the Superior Court of Dekalb County, arises out of Plaintiff Dakar M. Leonard's unfortunate realization that the BMW he bought from Defendant Gwinnett Suzuki, Inc. ("Gwinnett Suzuki") in March 2012 had been stolen.  He learned of this fact when, several months after buying the car, he was arrested and detained in Montgomery County, Alabama.  The car was impounded, and Plaintiff alleges he has not recovered the vehicle or been repaid for his losses.

The present motion involves Plaintiff's claims against his alleged insurer, State Farm Mutual Insurance Company ("State Farm").  Plaintiff sought coverage for his loss under an insurance policy he alleges was in effect at the time. According to State Farm, the subject insurance policy does not cover Plaintiff's losses because, among other reasons, the policy specifically excludes losses resulting from the seizure of his car by any governmental authority.

On or about May 7, 2014, State Farm sent Plaintiff's counsel an "Offer of Settlement," pursuant to O.C.G.A. § 9-11-68.  Under this Georgia statute, Plaintiff has thirty days to accept the offer or it is deemed rejected.  O.C.G.A. § 9-11-68(c).[1] If a plaintiff rejects a valid offer of settlement, the defendant may be entitled to attorney's fees should the defendant prevail.  *Id.* § (b)(1).

During a May 30, 2014 telephone conference, before the expiration of the thirty days under the statute, Plaintiff's counsel expressed his contention that the Georgia offer of settlement statute does not apply in federal court and, in any case, does not apply in this case.  Plaintiff's counsel indicated that he would file a motion to strike the Offer of Settlement as soon as possible.   State Farm subsequently agreed to extend the deadline for Plaintiff to respond to its Offer of Settlement by 30 days.  And on June 3, 2014, Plaintiff filed his Motion to Strike (Doc. 22).

---

[1] As discussed below in Part II.B, Georgia's offer of settlement statute only applies to the settlement of tort claims.  O.C.G.A. § 9-11-68(a).

## II.   ANALYSIS

Plaintiff moves to strike State Farm's Offer of Settlement for four reasons. Plaintiff first argues, apparently on *Erie* grounds, that Georgia's offer of settlement statute, O.C.G.A. § 9-11-68, is inapplicable in this case on removal from federal court.   Plaintiff alternatively argues that O.C.G.A. § 9-11-68 only applies to tort claims, and according to Plaintiff, none of his claims against State Farm are properly considered tort claims.   Plaintiff then asserts that, because State Farm is not a proper party to this action, the Offer of Settlement from State Farm is ineffective.   And finally, Plaintiff urges the Court to find that State Farm's offer was not brought in good faith, and thus, State Farm is not entitled to attorney's fees under the statute.   The Court addresses each argument in turn.

### A.   Erie

Plaintiff does not seem to dispute that in a typical diversity case, a federal court would apply O.C.G.A. § 9-11-68 to any offer to settle a state tort claim, and in any case, the Court concludes that it would.   In claims arising under state law, the *Erie* doctrine requires federal courts to apply federal law with regard to procedural matters and state law with regard to substantive matters.   *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).   In distinguishing procedural and substantive elements of a state statute, a court must first determine whether the statute is in "direct collision" with a Federal Rule of Civil Procedure.   *Hanna v. Plumer*, 380 U.S. 460, 472 (1965).

"A direct collision between a state statute and a federal rule occurs when the Federal Rule by itself is 'sufficiently broad to control the issue' or where the purposes of the Federal Rule and state statute are 'sufficiently coextensive' to preclude the application of the state law."   *Adventure Outdoors Inc. v. Bloomberg*, 519 F. Supp. 2d 1258, 1278 (N.D. Ga. 2007) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980)), *rev'd and remanded for instruction to remand for lack of jurisdiction*, *Adventure Outdoors Inc. v. Bloomberg*, 552 F.3d 1290 (11th Cir. 2008); *accord Burlington N. R.R. v. Woods*, 480 U.S. 1, 7 (1987)).  Courts should give the Federal Rules their plain meaning rather than construing them narrowly so as to avoid a direct collision.  *Walker*, 446 U.S. at 750, n.9.

If a direct conflict exists between a Federal Rule and a state procedural rule, the Federal Rule controls unless it is found to be unconstitutional or to modify, enlarge or abridge any substantive state rights.  28 U.S.C. § 2072.  If no direct conflict exists, the state procedural rule will control only if failure to apply it will thwart the "twin aims" of the *Erie* doctrine by promoting forum shopping or unfairly discriminating against residents of the forum state.  *Hanna* 380 U.S. at 468.

Although the Eleventh Circuit has not expressly held that Georgia's offer of settlement statute applies in a federal diversity suit,[2] several district courts have

---

[2] *See Gowen Oil Co., Inc. v. Abraham*, 511 F. App'x 930, 934, n.4 (11th Cir. 2013) (applying O.C.G.A. § 9-11-68 in a diversity case but declining to decide whether this statute should apply in all diversity cases).

so held. *See, e.g.*, *Wheatley v. Moe's Southwest Grill, LLC*, 580 F. Supp. 2d 1324, 1327-28 (N.D. Ga. 2008) (Batten, J.); *Gowen Oil Co., Inc. v. Abraham*, No. CV 210–157, 2012 WL 1098568, at *2 n.4 (S.D. Ga. Mar. 30, 2012) (Wood, J.) (adopting the reasoning of *Wheatley v. Moe's Southwest Grill, LLC*, 580 F. Supp. 2d 1324, 1328 (N.D. Ga. 2008)); *see also Tanker Mgmt, Inc. v. Brunson*, 918 F.2d 1524, 1528 (11th Cir. 1990) (reasoning that Florida's offer of judgment statute is not in direct collision with Rule 68).

In *Wheatley*, for example, the plaintiff argued that Rule 68 of the Federal Rules of Civil Procedure, which likewise authorizes the recovery of attorney's fees for a prevailing defendant whose offer of judgment is rejected, conflicts with O.C.G.A. § 9-11-68. The court disagreed and identified several differences between the two rules. "Rule 68," the court explained, "is available only to a party defending a claim, whereas O.C.G.A. § 9-11-68 is available to both plaintiffs and defendants." *Wheatley*, 580 F. Supp. 2d at 1328. The court also noted that Rule 68 only authorizes recovery of costs while Georgia's statute allows for the recovery of attorney's fees. *Id.* And unlike the Georgia's statute which applies only to tort claims, Rule 68 applies to any claim. *Id.* Finally, the court noted that "unlike Rule 68, O.C.G.A. § 9-11-68 expressly allows the offeror to place conditions . . . on the acceptance of the offer of settlement." *Id.* at 1328-29. For these reasons, the court held that the two rules were not in direct collision. The court went further to hold that O.C.G.A. § 9-11-68 is substantive in nature. *Id.* ("O.C.G.A. § 9-11-68 creates a substantive right to attorney's fees in certain cases

where *either* party, having made an offer of settlement (not judgment, unlike Rule 68), ultimately prevails.").

The Court agrees with the reasoning of *Wheatley* and, for the reasons explained in that case, finds that no direct collision exists between Rule 68 and O.C.G.A. § 9-11-68.  O.C.G.A. § 9-11-68 applies to Georgia tort claims in federal court.

Plaintiff suggests, however, that, because this case is in federal court on federal question jurisdiction, and the Court has only supplemental jurisdiction over the state law claims,[3] the statute does not apply.  (*See* Mot. Strike at 3, Doc. 22.)  Plaintiff offers no case law to support this proposition, and the Court finds no basis in law to disregard O.C.G.A. § 9-11-68 simply because the Court might be exercising supplemental jurisdiction over state tort claims.

Plaintiff then asserts that to the extent O.C.G.A. § 9-11-68 applies to State Farm's Offer of Settlement in this case, "it would only apply to the state law claims, in which case [State Farm] would be required to identify and segregate what amounts are offered for which claims."  (Mot. Strike at 3, Doc. 22.)  That O.C.G.A. § 9-11-68 only applies to state tort claims is not controversial.  *See Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1287 (M.D. Fla. 2008) (holding that Florida's offer of settlement statue applies only to state law claims).  But Plaintiff fails to present legal authority to support the

---

[3] Defendants removed this action, invoking this Court's federal question and diversity jurisdiction.  Plaintiff disputes that the Court has diversity jurisdiction over the claims presented.  The Court makes no assessment at this time whether it has an independent basis to exercise jurisdiction over Plaintiff's state law claims against State Farm.

proposition that a settlement offeror must identify and segregate the amounts it offers for which claims.  In any case, the Court finds that it is premature at this time to decide whether State Farm's Offer of Settlement is sufficiently detailed to trigger Plaintiff's obligations under the statute.[4]

### B.    Nature of Claims

Plaintiff next argues that the Offer of Settlement only applies to tort claims and, according to Plaintiff, none of his claims against State Farm are tort claims. Again, Plaintiff offers no legal authority for his proposition that, for example, his claims for violations of Georgia Insurance Statutes or the Georgia Fair Business Practices Act, are not torts as the term is used in O.C.G.A. § 9-11-68.  Instead, Georgia law provides a broad definition of the term "tort."  "A tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied.  A tort may also be the violation of a public duty if, as a result of the violation, some special damage accrues to the individual."  O.C.G.A. § 51-1-1. That the private legal right or public duty is established by statute appears irrelevant to Georgia's definition of a tort.  *See Wages v. Amisub of Ga.*, 508 S.E.2d 783, 785 (Ga. Ct. App. 1998) (recognizing that a plaintiff may be able to pursue a tort claim based on a violation of a duty of care imposed by statute). Accordingly, Plaintiff's assertion that the Offer of Settlement does not apply to at

---

[4] The Court notes, however, that the statute provides a list of the requirements of an offer of settlement, including that the offer "[i]dentify generally the claim or claims the proposal is attempting to resolve."  O.C.G.A. § 9-11-68(a).  The statute does not expressly require anything more than what is listed, and in particular, does not require that an offer of settlement identify and segregate the amounts offered for each claim.

least some of his claims is without merit.  *See also Wheatley*, 580 F. Supp. 2d at

1327 ("[B]ecause the statute refers to offers to settle tort *claims* rather than tort

*actions*, there is no need to determine the proper characterization of a pleading

asserting multiple causes of action.").

### C.    Improper Entity

Plaintiff next argues that State Farm is not the proper party to issue an

offer of settlement because, as State Farm itself proclaims, it is not a proper party

to this action.  According to State Farm, Plaintiff should have sued State Farm

Fire and Casualty Company (the "Casualty Company"), the entity with whom

Plaintiff had contracted.  The parties apparently intend to file a consent motion to

substitute the Casualty Company as a defendant replacing State Farm.

State Farm argues that its Offer of Settlement which was expressly issued

on behalf of itself and the Casualty Company, triggered Georgia's offer of

settlement statute for claims against the Casualty Company.  The Court disagrees.

O.C.G.A. § 9-11-68(a) provides that, either party may issue a written offer to settle

"[a]t any time more than 30 days after the service of a summons and complaint

on a party but not less than 30 days (or 20 days if it is a counteroffer) before

trial."  Thus, by the statute's terms, a party's offer to settle does not fall within the

scope of this statute unless the offer is presented more than 30 days after service

of summons and the complaint.  Accordingly, should the Casualty Company be

substituted as party Defendant in this action, the Casualty Company would have

the opportunity to extend an offer of settlement under O.C.G.A. § 9-11-68 thirty

days after it is served with summons and the complaint.  *See also* O.C.G.A. § 9-11-68(c) ("The fact that an offer is made but not accepted does not preclude a subsequent offer.").  But State Farm's offer, issued before the Casualty Company is even a party, does not trigger the Casualty Company's rights under this statute.

### D.   Good Faith

Finally, Plaintiff asks the Court to determine at this stage of litigation whether State Farm's Offer of Settlement was made in good faith.   Under O.C.G.A. § 9-11-68(d)(1), the Court may disallow an award of attorney's fees and costs if the Court determines that the offer of settlement was not made in good faith.  This determination, however, is only necessary if the Court first decides that the losing party is entitled to costs and fees pursuant to this code section. *Id.*

> *If a party is entitled to costs and fees pursuant to the provisions of this Code section*, the court may determine that an offer was not made in good faith in an order setting forth the basis for such a determination. In such case, the court may disallow an award of attorney's fees and costs.

O.C.G.A. § 9-11-68(d)(1) (emphasis added).   Moreover, whether an offer of settlement was made in good faith "is a factual determination, based on the trial court's assessment of the case, the parties, the lawyers, and all of the other factors that go into such a determination, which the trial court has gathered during the progress of the case." *Great West Cas. Co. v. Bloomfield*, 721 S.E.2d 173, 176 (Ga. Ct. App. 2011).   Accordingly, now is not the appropriate point in litigation to assess whether an offer of settlement was made in good faith.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike [Doc. 22] is **DENIED**.  The Court notes, however, that State Farm's Offer of Settlement, although perhaps not susceptible to a Motion to Strike at this time, may instead by unenforceable because Defendant maintains State Farm is not a proper party to this action.

**IT IS SO ORDERED** this 17th day of June, 2014.

**Amy Totenberg**
**United States District Judge**

10